IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY ROSS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1541-P |
| | § | |
| JUDGE ERNEST WHITE, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a purported civil rights action brought by Mary J. Ross, a pretrial detainee appearing *pro se*, against various state court judges, prosecutors, and a private attorney. On August 19, 2009, plaintiff tendered a five-page handwritten complaint to the district clerk. Thereafter, plaintiff filed an amended complaint and an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were also sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on September 17, 2009. The court now determines that plaintiff's complaint should be treated as an application for writ of habeas corpus and dismissed without prejudice for failure to exhaust state remedies.

II.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting trial on two charges of aggravated assault with a deadly weapon and two charges of reckless driving. As best the court can decipher her pleadings, plaintiff appears to allege that she is being prosecuted in retaliation for complaints she made against her former lawyer, Craig Watkins, before Watkins became the Dallas County District Attorney. Plaintiff also accuses Judge Ernest White and Magistrate Judge Jonathan Vickery, who preside over various aspects of the state criminal prosecutions, and Juanita Edgecomb, her court-appointed lawyer, of numerous civil rights violations, including wrongful arrest, false imprisonment, and threatening to hold her without bond if she did not submit to a competency exam. The only relief sought by plaintiff is immediate release from custody and removal of the pending state criminal cases to federal court.

A.

To the extent plaintiff challenges her pretrial incarceration, her complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2241. *See Yoes v. Anderson*, No. 4-02-CV-0870-Y, 2002 WL 31627976 at *2 (N.D. Tex. Nov. 19, 2002) (citing cases). A pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 108 S.Ct. 352 (1987).[1] This entails submitting

---

[1] While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a pending state court proceeding. As the Fifth Circuit explained:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). In Texas, a pretrial detainee must present her claims to the Texas Court of Criminal Appeals before seeking relief in federal court. *See Hamilton v. Dretke*, No. 3-04-CV-2465-L, 2005 WL 38977 at *1 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 256472 (N.D. Tex. Jan. 31, 2005); *Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003), *appeal dism'd*, No. 03-11046 (5th Cir. Feb. 6, 2004). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Anthony v. Texas*, No. H-08-904, 2008 WL 938582 at *1 (S.D. Tex. Apr. 4, 2008), *citing* 28 U.S.C. § 2254(b)(1).

In her interrogatory answers, plaintiff admits that she has never raised any of the issues presented in her complaint to the highest available state court for review. (*See* Mag. J. Interrog. #3). Unless and until plaintiff exhausts her state remedies, she may not seek federal habeas relief.

B.

Nor can plaintiff remove her pending state criminal cases to federal court. The federal removal statute authorizes the removal of a state civil action or criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

---

*Dickerson*, 816 F.2d at 225, *citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1126-28, 35 L.Ed.2d 443 (1973).

28 U.S.C. § 1443. A party removing a case under this statute must satisfy the two-part test established in *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). First, the court must determine that the right allegedly denied the plaintiff arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.*, 86 S.Ct. at 1790; *Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979), *cert. denied*, 101 S.Ct. 49 (1980). Second, the plaintiff must show that she cannot enforce the specified federal right in state court. *Rachel*, 86 S.Ct. at 1791-94; *Williams*, 608 F.2d at 1022.

The principles of federalism and comity mandate the strict construction of the removal statute to minimize encroachment by the federal courts upon the sovereignty of state courts. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827-28, 86 S.Ct. 1800, 1812-13, 16 L.Ed.2d 944 (1966). Federal courts have scrupulously honored the unambiguous language of *Rachel* and *Peacock* in restricting the scope of the removal statute to violations of explicit federal statutory and constitutional laws which guarantee racial equality for all citizens. *Johnson v. Mississippi*, 421 U.S. 213, 227-28, 95 S.Ct. 1591, 1599-1600, 44 L.Ed.2d 121 (1975). A pending civil action or criminal prosecution that does not violate a specific federal law protecting against racial discrimination is not subject to removal. *Id.*, 95 S.Ct. at 1599-1600.

Plaintiff has not satisfied the strict requirements of section 1443 because she does not allege the violation of a specific federal law protecting against racial discrimination. Although plaintiff alleges numerous violations of her civil rights, none appear to be based on her race. Instead, plaintiff claims that she is being retaliated against for filing a complaint against the district attorney when he was a lawyer in private practice, and for refusing to submit to a competency exam. (*See* Mag. J. Interrog. #5 & 7). Consequently, federal removal jurisdiction is not proper. *See Texas v. Gulf Water*

*Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (conclusory allegations of civil rights violations insufficient to support removal of on-going state criminal prosecution.)

## **RECOMMENDATION**

Plaintiff's complaint should be treated as an application for writ of habeas corpus and dismissed without prejudice for failure to exhaust state remedies. In light of this re-designation, the clerk should terminate the named defendants and substitute Sheriff Lupe Valdez, the state officer who has custody of plaintiff, as respondent. *See* Rules Governing Section 2254 Cases, Rule 2(a). Plaintiff's request to remove the pending state criminal prosecutions to federal court should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 22, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE